UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 10-Civ-24106-COOKE/TURNOFF

JONATHAN CORBETT,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before me on Defendants' Motion to Dismiss Complaint. (ECF No. 22). I have reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons explained in this Order, the Plaintiff's Complaint is dismissed with prejudice.

### I. BACKGROUND

In response to the terrorist attacks of September 11, 2001, Congress created the Transportation Security Administration ("TSA") to protect civilian air travel. The Administrator of the TSA, along with the Director of the Federal Bureau of Investigation ("FBI") have statutory authority under 49 U.S.C. §§ 44904(a) and 44904(e) to "assess current and potential threats against domestic air transportation security" and then take "necessary actions" to protect air travel against such threats. Acting on that authority, the TSA Administrator issued a newly revised Screening Checkpoint Standard Operating Procedure ("SOP") on September 17, 2010,

with an implementation date of October 29, 2010.[1] This SOP permits the TSA to employ enhanced pat downs and Advanced Imaging Technology ("AIT") at airport screening checkpoints to search potential passengers. Under the SOP, passengers seeking to pass through airport security where AIT and enhanced pat downs are in use must to submit to one or the other form of search. Passengers refusing to submit to either procedure are not permitted to enter any "sterile" airport area including the areas for boarding and flying. *See* 49 C.F.R. § 1540.105(a)(2); *see also* Def.'s Mot. 5.

On November 16, 2010, Plaintiff, Jonathan Corbett filed suit to permanently enjoin the use of AIT and enhanced pat downs at the nation's airports. Plaintiff alleges that he was scheduled to fly on November 18, 2010, and he purchased three additional tickets for domestic air travel from airports that use AIT or enhanced pat downs.[2] Plaintiff claims that these procedures violate the Fourth Amendment's prohibition against unreasonable searches. Plaintiff claims that AIT searches are unreasonable because they use, without warrant or probable cause, clear images of the nude body to search passengers. He also claims that enhanced pat down searches—which necessarily require TSA agents to touch the region of passengers' genitals, buttocks, and breasts—are also unreasonable because TSA agents perform them without probable cause or a search warrant. Plaintiff maintains that the TSA's reliance on the "abstract risk[s] of terrorism without a credible, specific threat" does not justify the use of these screening procedures. Pl.'s Compl. ¶ 30.

The United States moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) on the ground that this Court lacks subject matter jurisdiction. The United

---

[1] Reference to the TSA Administrator is the same as referring to the Under Secretary of Transportation for Security. 49 C.F.R. § 1500.3.
[2] Plaintiff does not allege that TSA officials have actually submitted him to an AIT scan or enhanced pat down. Because I find that I do not have subject matter jurisdiction over this action, I need not examine whether Plaintiff has standing.

2

States maintains that the SOP at issue is a TSA order, and pursuant to 49 U.S.C. § 46110(a) no district court has the power to hear such a challenge.[3] The United States further asserts that only a Circuit Court of Appeals has original jurisdiction over this case.

## II. LEGAL STANDARD

Under Rule 12(b)(1), an attack on subject matter jurisdiction can take the form of either a facial or factual attack. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528 (11th Cir. 1990). "'Facial attacks" on the complaint 'require the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction and the allegations of his complaint are taken as true for the purposes of the motion.'" *Id*. at 1529 (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). On the other hand, factual attacks "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id*. Since a factual attack challenges "the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003). Therefore, no presumptive truthfulness attaches to the plaintiff's allegation, and whether a dispute as to material facts exists will not preclude the trial court from evaluating the merits of the jurisdictional issue. *Id*.

## III. ANALYSIS

The United States asserts a factual attack against Plaintiff's claim. *See Morrison*, 323 F.3d at 925. Under 49 U.S.C. § 46110, a person having a "substantial interest" in challenging an

---

[3] Defendant did not submit the Security Checkpoint SOP with its motion. The Government maintains that the SOP is Sensitive Security Information (SSI) pursuant to 49 U.S.C. § 114(r) and 49 C.F.R. 1520.5 and they are, therefore, under no obligation to submit details of the regulation or order to this Court.

order issued by the TSA Administrator may seek review of the order by "filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business." Since Plaintiff's claim squarely attacks a TSA order or regulation concerning airport security, this Court does not have jurisdiction to hear the challenge. Plaintiff argues that the SOP does not constitute an "order" under 49 U.S.C. § 46110. Without having been provided a copy of this unpublished statute or regulation, I am unable to conduct any meaningful inquiry as to the finality of the Screening Checkpoint SOP. *See Gilmore v. Ashcroft*, No. 02-3444, 2004 WL 603530, at *3 (N.D. Cal. Mar. 19, 2004), *transferred & pet. denied*, 435 F.3d 1125 (9th Cir. 2006). However, this argument would be better addressed to the Eleventh Circuit Court of Appeals or to the Court of Appeals for the District of Columbia Circuit, both of which have jurisdiction to hear this matter. *See id*.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that:

1. Defendant's Motion to Dismiss (ECF No. 22) is **GRANTED**.

2. Plaintiff's Complaint is **DISMISSED with prejudice**.

3. The Clerk is directed to **CLOSE** this case.

4. All pending motions are **DENIED as moot**.

**DONE and ORDERED** in chambers at Miami, Florida, this 29th day of April 2011.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*